Well good morning and welcome to the Ninth Circuit. I'm glad to be here with my colleague Judge McKeon and Judge Boggs has kindly agreed to join us as a visiting judge and we're certainly grateful for his work to help us manage our caseload. We have three arguments set to be heard this morning so just watch your time. Let us know if you want to reserve rebuttal time and just try and sum up as your time is concluding. If it's red and counting upwards it doesn't mean you've got extra time that means you're you're you're you're out of time. Obviously if we take you over that'll be fine but with that we'll go ahead and get started with the first argument set which is United States v. Myers case number 23-1034 and who do we have we have Mr. Pope first yeah okay from Boise Idaho all right well good a good state so hopefully that will bode well for you all right go ahead. Thank you very much Myles Pope for Ronald Myers and I'd reserve two minutes for rebuttal Interpreting section 364 in to apply only to windfalls and not to gradual accumulations of resources offers the best reading of that provision and avoids numerous interpretive and practical problems that the government's interpretation creates. Limiting 3664 in to windfalls first provides a principled explanation for why as is common ground in this case 3664 in excludes prison wages. Second it minimizes surplus age in this so can I ask about because the windfall I understand the practical arguments but I'm trying to look at the language and I just want to be clear about where the windfall except because it has been adopted including from the the Great Circuit of the the Sixth Circuit I guess in a way and I'm trying to figure out linguistically where that comes from does that come from the substantial or does that come from the three examples? It comes from in my view it comes from three examples so I mean you have to read them in tandem but but essentially as I think the courts have analyzed it and I I think they've got it right the POF panel as well as the Sixth Circuit and the other courts that have weighed in basically you're trying to give effect to every word in the statute so you have substantial resources from any source any sources naturally read as singular and then okay so that I mean we've got a host of problems because that's not necessarily true so source singular is commonly any source is almost inevitably a plural as well any source is any source whether it's singular or plural it doesn't say a source it says any source. The sentence singular includes the plural that's a common canon of construction isn't it? Well I think you know so I think again two two points in response to that the first is Congress had available any sources including and they could have said that but secondly if I if the court views any sources essentially you know if not ambiguous the very least you know unhelpful to resolving this problem I think you go on to look at the the enumerated list of examples and you ask okay what is the purpose of those of those examples? Well the difficulty with that analysis is you have to start with any and that has a very clear meaning doesn't seem ambiguous but to the extent that inheritance settlement or other judgment is clarifying it's not limiting. Agree I don't well it it's not limiting but it also I think we I think the court needs to look at those those words those three enumerated examples and ask okay well what is their function what is their purpose in the statute and and it seems to me that as previous court you know the previous panel of this circuit and courts have held you know you look at something that they all have in common and what they all have in common is that they are essentially they're a form of windfall they're sort of out of the ordinary. I'm not sure that I buy into that and inheritance I I mean I'll bet you you could look at a lot of inheritances that aren't windfalls I mean there's a lot of inheritances where you just get a nominal amount of money you know and and so I'm not sure why inheritance you're right other courts have said that but it's not intuitive to me why inheritance means windfall. Well so I think you to to address the question from a slightly different angle there is this beginning data point which is that we have courts that have held that prison wages are not subject to seizure under subsection M. I mean that's a whole separate question and I'm gonna ask the government about that because that's not intuitive to me either but that appears to be what the government's clear position has been and you're right that's where they've interpreted but but that seems to be a different issue I mean prison wages are I mean what are we talking about it's like a dollar an hour? Not substantial in any of it. Well but if they're accumulations of so let's say you're in Unicor and you're making a $1.15 an hour over and you're working full-time five days a week you know that's in six months that accumulates to the equivalent of what the government sought to seize in this case and so I think you do there is a problem there like to in terms of you know the government there's there is one way this court could go and it could say if it accepts the government's concession and it doesn't want to create a circuit split it could say look prison wages are its own unique beasts there are a bunch of policy reasons for us to basically carve them out of the statute but that's not how statutory interpretation is supposed to work you need to provide a you know a coherent and you know interpretation or construction of the statute that that actually has textual integrity and my interpretation the interpretation I've advanced where you limit section subsection in to windfalls to you know large single out-of-the- ordinary grants accomplishes that objective. Let me ask you that the in linguistics about in the inheritance settlement the phrase is inheritance settlement or other judgment and to me an inheritance requires a judgment settling a will or an intestacy settlement of a case is a judgment that's why those things were put in not that to make a windfall definition but just to put them in to make sure that we are including things that are judgments those are the three things other judgment. I mean that so that's certainly that's absolutely that there's that's one thing that all three of those examples have in common I think that the POF court the other courts that have interpreted this more broadly to apply to windfalls writ large have been trying to give effect to the expansive phrase at the beginning so this you know to any substantial substantial resources from any source specifically. To me substantial is where this case the focus has been on these last three examples but to me that the focus really should be on substantial because if windfall was gonna come anywhere I think it's gotta be shoehorned into substantial I'm not sure it fits but it seems to fit more clearly there than it does in these three examples. You'll take the argument however you can get it. I love that and but the other thing I would say is that I don't I don't I appreciate the desire to really home in on okay what is the exact like snippet of text in this statute that we want to look at I do think it needs to be read in context as a whole which which you know brings me to it's sort of resisting the courts line of questioning a little bit and I don't mean to do that. Well no I mean I get your point but to me context would be totally different if substantial wasn't there. I mean then then I think you I mean obviously if it didn't say substantial then the inference would be anything you know any amount of money could come in. Substantial has to mean something. I just don't know that it means windfall. So I agree it needs to mean something and I think that if you read that entire phrase substantial the Sixth Circuit has noted substantial means large significant. I agree with that. Resources from any source which again push back on this but singular including and then there's this list of things all of which have in common a you know it's a basically a single out of the ordinary grant. I think that that reading gives gives effect to every word of the statute. I would argue the opposite. I think it would mean that don't exclude this these three things just because it's an out-of-the-ordinary I won't call it windfall arrival of resources or money. So that's the other way to read this is to that if you say resources from any source well you know it's not really fair if I got this inheritance you know that's my family or I settled my lawsuit and basically the statute is saying no even though these things might seem near and dear to you because they're special they're included. So it's like flipping it instead of trying to find its cousins or its brothers or sisters you know because it's got these three words. So I kind of I would go at it backwards from where you're going at it. Well it's unclear to me why I mean I'm not entirely sure that Congress would have thought that if they just if they just deleted that that list of examples and just said substantial resources from any source. I mean I don't know if there's certainly the government hasn't pointed to any sort of background assumptions or beliefs that would say well you'd exclude judgments and settlements from that language and the language would be clear. So it doesn't seem to me that Congress is doing what they had. Because I thought there was some other statutes that had actually excluded inheritances in certain circumstances from judgment collection. Absolutely and that illustrates that when inheritances are excluded the legislature's act to affirmatively and explicitly exclude them. I think that actually supports. Can I just ask quickly on the on the circuit split because you suggested that we would be creating a circuit split and I'm not sure I agree with that. I want to hear your response because as I tally this up we got the fifth circuit. I mean and the cases aren't exactly cohesive. They're all coming at this from different ways but we got the fifth and the sixth circuit and maybe the first circuit that sort of adopt at least some portion of your analysis but we also have the eighth and the seventh and the tenth that go the other way. Now granted some of those are unpublished. So I mean isn't there already at least some tension in the circuits if not a clear split? Well with respect to the eighth is the published case that I think I need to address most firmly because that's actually published and I resist the government's reading of that. The ambiguity but the Eighth Circuit's you know the language in the Eighth Circuit case and USV Kidd essentially you know asserts that it's it is substantial resources from you know outside an outside source and then it is true that later on in that in that in Kidd you know they they note that additionally the $5,000 at issue could include the receipt of substantial resources from outside sources that would be subject to section 366 for in but if you read on from there the next sentence and that's a sentence that the government keys in on and it's answering brief. The next sentence is or perhaps more likely the five fifty five hundred may be an accumulation of small amounts received from various sources that together amount to a material change. So I think what the what the Eighth Circuit is doing again to solve the prison wage problem is saying look you cannot you know outside a single outside source may amounts of substantial resources and that single outside source even in the context of $5,500 if you get $4,500 maybe that's substantial resources but that's a single outside source. I don't read that as as walking back from the analysis that it leads with earlier on when it's trying to explain why prison wages are are not subject to seizure under under subsection n. So so from a published cases perspective I do think this court will be opening up a split based on the analysis that those cases undertake. I'm blinking red. Yeah you are so what we but again we took you over so you're fine we'll give you some time for rebuttal. I appreciate that. We'll hear from the government. Thank you. Good morning. Brian Donovan on behalf of the United States. If you may please the court. This is a as the court has already honed in on I think a very simple statute with some very relatively clear language that I think. Well you say it's clear and yet we've got about six opinions that all come out different ways. Yeah I agree but I think that's like you said earlier your honor the opinions are coming at these from different directions and I think this is the first case that's coming at it from this direction and I would disagree with my opposing counsel about his overstatement I think of creating a circuit split here. If you look at Carson from the Sixth Circuit it didn't really wrestle with this question. In fact it talked about how the problem in Carson was the court didn't look do the analysis that this court did where it looked at the entire ledger. It didn't look at the ledger. It didn't know where the money was coming from in the inmate's account and send it back. It was focused primarily maybe solely on whether prison wages were substantial. Correct and it the district court hadn't done an analysis of what of the what the money was and it sent it back and it actually talked about if there was a few dollars put in a commissary account that would be one thing but if there are would be another thing and it sent the decision sent it back for remand to do that analysis. That is what we have here. Did anything come of that remand that you know about? I don't know. Because I did spend a good bit of time with this ledger and the practical question I have is kind of how did you glom on to this guy this this particular year? He's been in prison for ten years. He's been getting the same kinds of money all along. If you win your case, I presume that the family will quit sending him money. They'll put it in a bank account and wherever he's from or he'll spend it down every time so it never becomes substantial. So is there a new drive to do this to all the prisoners in eastern Washington or in the whole US or how to prize a practical matter? How did you get this started? As a practical matter, your honor, it's something that we've done for a while the Department of Justice but after to be frank after the COVID stimulus checks were sent to prisoners across the country there was more information was provided to our offices about prisoners who had substantial resources. Partly that was we would look and see what the balances were and again it goes to the substantial resources that Judge Nelson was talking about. Maybe twelve or sixteen hundred dollars might not seem substantial to some people but when somebody's paying $25 a quarter or $100 a year, $1,200 is a substantial recovery to the victim. But do you agree with me the only reason he has a balance, the ledger doesn't tell what the balance was at the start of the year but he obviously spent a good bit of money in prison that is three or four thousand dollars kind of I presume went to commissary or sneakers or something but he could have easily you know kept that balance even lower and you would never have noticed it. Yeah and yes I agree that's also part of the collection difficulties that the government faces with not just this case but thousands of cases right as defendants are spending money and if we catch the bank account at the right time or get the commissary at the right time or the retirement account at the right time, terrific then we're taking action. We look at a lot of other defendants who may have had big balances but they spent them down before we could. And is it true that the the sort of pre-release balance that is mentioned occasionally that's not really a separate thing? I am not as familiar with the way BOP does his accounting. If you opposing counsel says that this is a specific account but all the money goes into one commingled account and whether he has segregated because he had to have some that was set for savings for when he was released. Yeah and he can he can tell the BOP to counselors to parcel off some his subjective. Does that mean you're not trying to go after pre-release balances? I believe all this money is within both with his in his account. So then you are. So it could be both but. So at least from a penological point of view you're saying there's no there's no point in saving for your release because we're gonna grab it. I'm not sure that's the case your honor because first of all this defendants not being released until 2040 so we have a significant amount of time for him to continue. Well he owes 2.6 million on another judgment maybe you'll be able to collect by that. I believe I did the math I think that his current rate of payment in this case just our case of $35,000 in restitution would take about a hundred and sixteen years at the rate that he's paying it off right now. Let me ask you a different question and that's if we look at the word substantial from any source and that would suggest that you would link substantial to source. Has there been a determination that each of these deposits was a substantial source? I think there is if we reference the the ledger for the for that year he had nine deposits of $300, nine deposits of $100, a deposit of $200, one of $150, and one of $50. Those are all from outside sources from family and friends and and whether those. But is each of those substantial $300 or $150? Well again it all goes to context he he earned through prison wages in that same time period $388 so a single deposit of $300 it's fairly substantial that's a year's worth of earnings for him almost a year's worth of earnings. Nine he got $4,000 he only got nine deposits of that amount. I would I would posit that that is substantial and it's substantial not only just from his perspective it's substantial from the victim's perspective who is not receiving much money at all from this defendant. Do you do agree that you need to look at each deposit individually rather than cumulatively? I don't believe we have to look at it I think it opposing counsel keeps using the word single source he reads the word single into a statute where the word single doesn't exist. I think that there can be an accumulation of money because the examples in the statute talk about settlements and judgments and a lot of those things like the government put in briefings. Those are singular you know if you get a settlement usually you get a lump sum and there may be some payout you get an inheritance but if different family members or friends former colleagues sent money individually 150 here 100 there 150 here don't you think you have to look at each of those individually to determine if there was as they say substantial from any source? I don't think you have to look at them in the individual just a single one because we're not talking about just taking the single $300 payment we're talking about the panel mentioned earlier that any sources is plural to be any sources and that we're looking at whether they have substantial resources combined. That's a different question I mean I think that we don't really know the answer here to how do you make the judgment that something is substantial and what do you benchmark it against and it looks to be from when they say any source it means I think what they're talking about is that it could come from anywhere it could come from God it can come from friend family whatever and then they have these three examples which we'll get to but don't you have to look at each of those individually to determine if it's substantial? Again I think that you look at the whether the defendant has substantial resources in their inmate account from any source and at the time we're looking at it he had had received over the course of the years $4,000 spent it down to $1,600. I think you can look at it that way I think you could also look at it from the individual sources and like they said a $300 payment might not appear substantial necessarily but you have to look at in the context of the prisoner from what their earnings and also what the victim is using. And this goes back to your apparent concession that prison wages don't fall under the statute just categorically and that's because prison wages can never be substantial? Yeah I don't believe that they would be substantial in this situation. So if those numbers are equivalent to what somebody's sending a friend sends then that also should have the same equivalency no? Yeah but he has much more than just one friend payment in there he has he has four thousands of dollars of friend payments in there not just one payment. I would agree with your honor. How much prison wages is he making a month? He made three in that year he made three hundred and eighty eight dollars a year so that calculates about thirty five dollars a month. But if you're saying that the accumulation say he say he got no other money from anyone else he just got prison wages he's in till another 15 years it sounds like. He could have forty five hundred dollars that would all be prison wages and you would say no we can't touch that. I think that in that situation in that scenario where the given the way that the case law has gone and I would agree that this is where there is no circuit split because Kidd also talks about prison wages being excluded and Carson talks about prison wages being excluded and the First Circuit in St. Mitch talks about prison wages being excluded. We have we have other avenues like 3664 K or 3664 M that we could I think at that point right use. Here we're talking about substantial resources from any source in his account and 3664 N under the plain language. So you would say that even under the scenario I gave where he say he doesn't touch his prison wages for the next 15 years he has $4,500 you would not be able to touch that under this provision you'd have to go at it under K or. Yeah and I think that goes to I'm over time but I think that goes to the the overall context of the MVRA as well that government that the Congress is giving the government numerous tools to go after any property. There's the problem because if if you're right on that and your position is $4,500 you couldn't do it under this provision then I don't understand how you can go after $1,300 or would it with the $1,600 here under the same theory. Well I think it's I think that's more being from I think that's being too focused on the amount the equivalence of the mounts and rather than the sources of substantial forces us to do I mean what what how else do we look at substantial I mean you're right there's a whole bunch of variables but substantial at the end of the day has to be pegged to the amount. It does but there's also the any any source aspect of it as well and I think that I think the limitation it read literally would include prison wages. I mean that's the problem is the case law is going over here for understandable reasons that collide with the statute. So another question I have is in your view how to how does subsection K intersect with subsection N? I believe it's just that there they can be overlapping provisions and I think that you the government could have gone to the court under both theories. We felt that 3664 N works just fine in this and this requires a material change and K which requires a material change and there's notice different notice slightly different notice provisions which are easy enough to deal with it but there when you look at partly what's getting into the context when you look at the combination of 3664 M which talks about Indian available means and 3664 N which talks about this and 3664 K which talks about there's a material change we can go in there and have the court order it. You're looking at a comprehensive scheme where the Congress is repeatedly saying if a and we're gonna put very few limitations and what the opposing side is trying to do here is to read in limitations that Congress clearly did not put in the statute. They're trying to put out a word windfall into there that's not in the statute like your honors talked about. They're trying to add the word single in there which is not in the statute and you know in preparation for today I was reading Judge McEwen's Hankins decision where you talk about giving the MVRA the force of it and not rewriting statutes to limit the MVRA but actually to fill in the gaps to give it the force and effect that it's required and I think that's what is warranted here in this case. Is there in talking about what is substantial do we need to take inflation into account? Isn't the MVRA when was it a 1980s law? 1996. So three times as much and any given dollar is only worth one-third of what it was when the law was passed. The $300 have been substantial back in 1980? Well I'm not the best position answer that but yes I believe that you could look but again I think it's kind of the comparison to the context and what the person is paying what the victim is receiving. The courts talk about that and so for again I'm gonna go back to example for this defendant if he's paying $25 a quarter or even $25 a month that's a hundred to three hundred dollars a year. A twelve hundred dollar recovery for the victim that's four years at least four years worth of recovery in one hit. I would say that's very substantial. Maybe three hundred dollars. I'm sorry? Who is the victim in this case? The victims he did he the victims car dealerships. And I'm way over time. Yeah. Does the court have any other questions? Thank you. You've been very helpful. Thank you. We'll give you two minutes for rebuttal. Thank you. I don't know if you can cut multiple Gordian knots but it cuts a ton of them to just deal with this under subsection K and reserve subsection N for for windfalls. You deal with the penological problems that Judge Boggs has identified where there's all sorts of perverse incentives involving families deciding let's not give let's not you know provide economic support to to our incarcerated family members. You cut. That always exists for anyone who has a judgment against them. I mean whether they're in prison or not. I mean why should we exempt a prisoner you know and say oh you're entitled to receive funds of support but if you were outside of the prison and somebody gave you a lot of money you could go collect on that. You're not exempting the prisoner. You're letting you're letting a judge step in under subsection K and make an interest of justice determination that weighs all these factors. Weighs the the victim's interest and the victim's rights but also weighs the penological concerns about you know it's true Mr. Myers has you know until 2040 in prison and so what's what's he doing saving up money that you know that he's receiving in his pre-release custody account. He's making sure that the folks who are giving him money right now they may not be there when he gets out because it's a long time from now and so he's making sure I've got enough money so that I can get on my feet when I finally get out of custody. That should be encouraged. At the very least a court should be allowed to look at it from an interest of justice perspective and should be allowed to decide you know do we do we want to encourage that or is this. I think that that is I mean I think all that is true because it does say may right it isn't shall and in his shall correct correct in his shall in his mandatory so holding holding that you can seize this as a shall mandatory we got to take it it creates the problems that Judge Boggs identified you know it also creates the the government was really struggling to draw a line okay maybe 200 bucks as substantial resources that goes against a ton of district courts have said it's not it's not the case maybe 500 bucks again you're just you're asking judges to do this you know how many grains of sand is a heap problem with no equitable backstop no interest of justice analysis that can actually inform that that assessment if you reserve it for windfalls much easier for a judge to make a non-arbitrary determination. Isn't there some reasonable determination between windfalls and zero you know I mean it doesn't have to be a windfall to to go down your route right aren't you kind of cabining how the court could exercise that mandatory requirement. I think so windfall may be a triggering word I use it because the courts use it and I recognize it's not ideal you could just say a large single source out of the ordinary grant or something like that something that really focuses the analysis and said it's much easier to make as a practical matter as a judge much easier to make that call then to then to do this this fine line drawing of like okay when did this aggregation of stuff become substantial versus you know not quite substantial that line drawing needs to happen regardless like judges are in the business of land line drawing but when you want to do that kind of line drawing you want to have equitable backstops you want judges to be able to grasp onto something like the interest of justice. I'm not sure we do I think we want statutory backstops and unfortunately Congress this is not unusual we're trying to interpret what Congress did but I don't think they put equitable backstops well Congress some courts have read that into it but that that seems to have created more of a problem than helping. My view is that Congress in its in its inestimable wisdom put the equitable backstop in subsection K that's where courts must consider the interests of justice I use again that's an interest of justice analysis which allow which is how courts can draw lines in a sensible rational way Congress giving you know recognizing that there's a there's a how many sand grains of sand make a heap problem and saying okay let's let judges make that decision in a way that actually like sensibly can draw a line which you have to draw the line through through applications of interest of justice principles once to avoid arbitrators. What you're saying is that you've got to get some credence to K it's got to play some role otherwise it's surplus age if you can always go in under these multiple sources under N correct? Totally that is the bottom line and and I rest on that articulation of my case. Thank you. Thank you to both counsel for your arguments in the case the case is now submitted.
judges: Boggs, McKEOWN, NELSON